IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Candace Durham, Individually and as the Parent and Natural Guardian of J.C. and B.C. (minors), <br><br> Plaintiffs, <br><br> v. <br><br> Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc., <br><br> Defendants. | Case No. 3:22-cv-00449-DCC |

## VERIFIED PETITION FOR SETTLEMENT APPROVAL

Petitioner, Candace Durham, respectfully petitions and shows the Court as follows:

I.

Petitioner is the mother and natural guardian of her son, B.C. (dob 4/30/06).

II.

On October 24, 2021, B.C. was injured when his brother Jayden Catoe used a plastic portable gasoline container allegedly manufactured by non-party Blitz U.S.A. Inc. to pour gasoline onto a burning pile of debris in the Petitioner's backyard in Sumter, South Carolina. According to the attached statement from B.C.'s examining physician, B.C. suffered burns to his right leg which were estimated to cover 3% of his total body surface area, [See Attachment 1], and his prognosis is good. It further appears, based on B.C.'s medical records and Candace Durham's estimation, that B.C.'s actual and foreseeable medical, hospital, and related expenses total an amount that will be disclosed during the settlement hearing.

1

As a result of this incident, the Petitioner filed this product liability action against Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc. (collectively, "Walmart")[1] on behalf of Jayden Catoe, who was a minor at the time the action was filed, and B.C. Walmart denies that they are liable in any manner for the injuries of the Petitioner, Jayden Catoe, and B.C.

III.

Petitioner has retained attorneys Terry E. Richardson, Jr, Brady R. Thomas, and Daniel S. Haltiwanger of the firm Richardson Thomas, LLC in Columbia, South Carolina; and Samuel K. Morgan and Charles T. Slaughter of the firm Morgan Litigation Group, LLC in Lexington, South Carolina to represent the Petitioner, Jayden Catoe, and B.C. in this matter. Petitioner has made an investigation into the facts and circumstances surrounding the injuries of B.C. and is fully aware of the available facts regarding liability for his injuries and the possibility that there is evidence, which, if believed by a jury, would exonerate Walmart from any liability for B.C.'s injuries and resulting damages. Walmart expressly denies all liability for causing the alleged injuries of Petitioner, Jayden Catoe, and B.C., and the payment of this settlement cannot be construed as an admission of liability.

IV.

There has been sought and obtained from Walmart a compromise offer of settlement that will be disclosed during the settlement hearing to be paid under South Carolina Code Ann. § 62-5-433, in order to effect the full and final settlement and disposition of the claims of B.C. This settlement was reached at a mediation after depositions, written discovery, and initial expert

---

[1] In Plaintiffs' Complaint, Walmart Inc. is named Wal-Mart Stores, Inc. and Wal-Mart Stores East, LLC is named Wal-Mart Stores East, Inc. Walmart does not dispute that a proper Walmart entity has been named.

2

disclosures. A settlement was reached at a mediation after three depositions, paper discovery was exchanged, and Petitioner disclosed her expert witnesses.

The full and final settlement amount to be paid is in full and final settlement of all claims of any kind or nature of B.C., as well as all claims of the Petitioner as the natural guardian of B.C. The full and final settlement for B.C.'s claims will be allocated with a one-time lump-sum payment to MetLife Assignment Company, Inc. and a one-time lump-sum payment to Richardson Thomas, LLC. The amounts of these payments will be disclosed during the settlement hearing

The Petitioner, as natural guardian of B.C., has specifically requested this allocation because the Petitioner intends to use the settlement to (1) fund the purchase of a structured settlement annuity with future periodic payments for the benefit of B.C., a minor, in accordance with the terms and details as outlined in a Description of Periodic Payments which is being submitted to the Court for in camera review; and (2) fund a Settlement Trust for the sole benefit of B.C., that will be administered by Advocacy Trust, LLC.

V.

Petitioner has fully and carefully considered this settlement offer and is of the opinion that, under all of the circumstances, it is reasonable and acceptable and that it would be in the best interests of B.C. and that the settlement offer above outlined be accepted as a reasonable and equitable adjustment of any and all rights and claims of whatsoever nature and kind, that Petitioner, as natural guardian of B.C., may have against Walmart and all of their attorneys, officers, directors, stockholders, employees, agents, servants, lessors, affiliates, representatives, subsidiaries, parents, partners, insurers, predecessors and successors in interest, and assigns, and any other persons, firms, corporations, or entities. Petitioner requests authorization to sign **FULL AND FINAL CONFIDENTIAL SETTLEMENT, RELEASE OF ALL CLAIMS, AND INDEMNITY**

**AGREEMENT** ("Agreement") and **TERMS OF STRUCTURED SETTLEMENT**, a copy of which will be provided to the Court for in-camera review.

There are no anticipated disputes regarding the settlement. A conservator is not necessary because B.C. will not receive any funds from the structured settlement until after B.C. reaches adulthood. See 2014-05-23-03, S.C. Supreme Court Order, Re: Settlement Procedures for Minors or Incapacitated Persons.

VI.

As stated above, petitioner has retained Richardson Thomas, LLC and Morgan Litigation Group, LLC as legal counsel to represent B.C. in this action. Petitioner has agreed to pay a 40% percent contingency fee and litigation costs. These amounts will be disclosed during the settlement hearing.

Petitioner's counsel has experience representing plaintiffs in similar lawsuits. Petitioner's counsel engaged multiple expert witnesses, identified and disclosed fact witnesses, exchanged discovery with the Defendants, and defended multiple depositions. Petitioner's counsel opines that the settlement is fair and reasonable.

VII.

There are no creditors or known lien holders for B.C.'s claims under S.C. Code § 15-51-42(B).

THEREFORE, petitioner prays:

1.   That this Court approve the above referenced settlement and authorize Petitioner, as natural guardian of B.C., to consummate the settlement and to execute the proper receipts and releases for all sums to be paid under the settlement and releases.

2. That this Court authorize and direct Walmart to pay or have paid on their behalf to Petitioner, as natural guardian of B.C., the settlement proceeds in the amount that will be disclosed during the settlement hearing in the manner outlined above in accordance with South Carolina Code Ann. § 62-5-433; and

3. That this Court authorize petitioner to distribute from the total settlement proceeds attorneys' fees and costs to Richardson Thomas, LLC in Columbia, South Carolina; and

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

RICHARDSON THOMAS, LLC

By:  s/ Brady R. Thomas
**Brady R. Thomas**
E-Mail: brady@richardsonthomas.com
**Daniel S. Haltiwanger**
E-Mail: dan@richardsonthomas.com
1513 Hampton Street, 1st Floor
Columbia, SC 29201
Telephone No.: (803) 541-7838
Facsimile No.: (803) 541-9625

**Terry Edward Richardson , Jr**
E-Mail: terry@richardsonthomas.com
1730 Jackson Street
Barnwell, SC 29812
Telephone No.: 803-541-7860
Facsimile No.: 803-541-9625

MORGAN LITIGATION GROUP, LLC

**Samuel Kirkpatrick Morgan , Jr**
E-Mail: km@morganlitigation.com
**Charles Thomas Slaughter**
E-Mail: chuck@morganlitigation.com

5

                                              PO Box 1256
                                              Lexington, SC 29071
                                              Telephone No.:  803-359-6194
                                              Facsimile No.:  803-957-4584

                                              ATTORNEYS FOR PETITIONER

Dated: <u>April 28, 2023</u>