IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Candace Durham, Individually and as the Parent and Natural Guardian of J.C. and B.C. (minors), | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:22-cv-00449-DCC |
| v. | ) ) | |
| Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER APPROVING MINOR SETTLEMENT**

This matter is before the Court on the verified petition of Candace Durham, as natural guardian of B.C., in which the said Candace Durham asks this Court's approval of a proposed compromise and settlement of any and all claims which she, as personal representative of B.C., might have against Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc., their employees, and related entities (collectively, "Walmart") for the injuries of B.C. allegedly resulting from an incident which occurred on October 24, 2021 in Sumter, South Carolina.

A full hearing was held on this matter on June 20, 2023, attended by Candace Durham, as natural guardian of B.C., B.C., counsel for the plaintiffs, Grace M. Babcock, Daniel S. Haltiwanger, and Terry E. Richardson, Jr., and counsel for defendants, Alejandra Salinas and Erika Fowler.

A full and careful examination was made of the said Candace Durham in which she stated freely and unequivocally that she understood the settlement proposal as outlined in her verified

1

petition, and she desired that the Court approve this settlement with the knowledge and understanding that upon approval and consummation of the settlement, no persons would have any further claims or causes of action of any kind against Walmart on account of the injuries of B.C.

It further appears the settlement payment outlined in her verified petition is being paid in settlement of all of B.C.'s claims. It further appears that the aforesaid total is a full and adequate settlement under the facts and circumstances and that the petitioner would not be warranted in risking adverse result in litigation in order to seek a higher sum.

It further appears, based on a statement from B.C.'s examining physician, that B.C. suffered burns to his right leg which were estimated to cover 3% of his total body surface area and his prognosis is good. It further appears, based on B.C.'s medical records and Candace Durham's estimation, that B.C.'s actual and foreseeable medical, hospital, and related expenses amount to $67,130.95.

It further appears that Petitioner's counsel engaged multiple expert witnesses, identified and disclosed fact witnesses, exchanged discovery with the Defendants, and defended multiple depositions.  It further appears that Petitioner's counsel opines that the settlement is fair and reasonable.

Upon consideration of the verified petition of the said Candace Durham and based on the examination and the testimony obtained by this Court, this Court is fully satisfied and concludes that the proposed settlement is reasonable and proper and in the best interests of B.C. and should be approved.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1.    That the Court does hereby expressly approve the settlement proposal as set forth in the verified petition of Candace Durham dated June 20, 2023;

2.      That Walmart pay or have paid on their behalf the amounts due under the proposed settlement to Candace Durham, as natural guardian of B.C., in compliance with South Carolina Code Ann. § 62-5-433;

3.      That Candace Durham, as natural guardian of B.C., be, and hereby is, authorized and directed for the consideration outlined above, to execute and deliver on behalf of B.C., a Release Agreement to Walmart and their officers, directors, stockholders, employees, agents, servants, lessors, affiliates, representatives, subsidiaries, parents, partners, insurers, predecessors and successors in interest and assigns releasing them from any and all claims of any nature and kind arising out of, or in any way connected with, the alleged injuries of B.C. which occurred on October 24, 2021.

4.      That out of the total settlement proceeds, Candace Durham, as natural guardian of B.C., shall pay attorney's fees and reimburse expended as case costs as set forth in the materials submitted with the Petition.

5.      That Candace Durham, as natural guardian of B.C., shall establish a Settlement Trust for the sole benefit of B.C. which will be administered by Advocacy Trust, LLC as set forth in the materials submitted with the Petition.

6.      That Candace Durham, as natural guardian of B.C., execute any other documents as may be required to effect the settlement, as set forth above, of claims which arose out the injuries of B.C.

7.      That Candace Durham, as natural guardian of B.C., satisfy from the settlement proceeds any and all valid outstanding liens against the settlement proceeds.

8.      That this action is dismissed with prejudice, and any and all claims which have or

3

could have been asserted by Petitioner, B.C., and Jayden Catoe against the Defendants are hereby dismissed with prejudice and are from this time on res judicata.

9.      That although this order approves the minor settlement for the benefit of B.C., this Court will retain jurisdiction of this action for a period of 30 days thereafter to ensure compliance with the funding of the minor settlement pursuant to the parties' mediation agreement.

**IT IS SO ORDERED.**

s/ Donald C. Coggins, Jr.

United States District Judge

June 21, 2023

Spartanburg, South Carolina